IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER TYLER, | ) | 8:10CV400 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN DOE, One Unknown White | ) | |
| Papillion Police Officer, and JOHN | ) | |
| DOE, Unknown Athletic Director for | ) | |
| Omaha North High School, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on October 15, 2010. (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis on October 25, 2010. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.    **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on October 15, 2010, against "Unknown White Papillion Police Officer" and "Unknown Athletic Director for Omaha North High School." (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff alleges that Defendants discriminated against him on the basis of race on or about October 8, 2010, at a high school football game at Papillion-La Vista South High School. (*Id.* at CM/ECF pp. 1-4.) According to Plaintiff, the "white" athletic director for Omaha North High School ordered Plaintiff to leave the game because Plaintiff, or another individual, had allegedly been smoking marijuana in Plaintiff's car in the high school parking lot. (*Id.* at CM/ECF p. 3.) At some point thereafter, an unknown "white" police officer from the Papillion Police Department arrived at the scene and, without questioning Plaintiff, ordered Plaintiff to leave the premises at the request of the

athletic director. (*Id.* at CM/ECF pp. 3-4.) Plaintiff seeks $10,00,000.00 in damages for "humiliation[,] deprivation[,] subjugation[, and] discrimination." (*Id.* at CM/ECF p. 4.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Official Capacity and Municipality Claims

Plaintiff names "John Doe Unknown White Papillion Police Officer" as Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) The court construes Plaintiff's suit as being against Defendant John Doe Police Officer in his official capacity only, as Plaintiff did not specify whether Defendant was being sued in his official or personal capacity. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (holding that absent an express statement that defendant public servants are being sued in their individual capacity, § 1983 suits will be construed as being against defendants in their official capacity). A suit against Defendant John Doe Police Officer in his official capacity is merely a suit against his public employer. *See id.* Accordingly, the court liberally construes claims against Defendant John Doe Police Officer as claims against the City of Papillion, Nebraska.

As a municipal defendant, the City of Papillion may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

3

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by City of Papillion employees, or that the City of Papillion's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against the City of Papillion across the line from conceivable to plausible under the *Jane Doe* standard.

On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against the City of Papillion in accordance with the *Jane Doe* standard. Any amended complaint must restate the allegations of Plaintiff's prior Complaint and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### B. Claim for Denial of Equal Protection

The court liberally construes Plaintiff's Complaint to allege an equal protection claim relating to his ejection from the high school football game. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat all similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985.) To state an equal protection claim, Plaintiff must establish that he was treated differently from other similarly situated individuals. *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998).

Here, Plaintiff did not allege that he was treated differently from other similarly situated individuals. Thus, Plaintiff's Complaint fails to state an equal protection claim upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state an equal protection claim against Defendants. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **January 7, 2011**, to amend his Complaint to clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations.

Failure to consolidate all claims into one document may result in the abandonment of claims.

    3.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on January 7, 2011.

    4.    Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice**.

    DATED this 7th day of December, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.